People v Scott (2021 NY Slip Op 06869)





People v Scott


2021 NY Slip Op 06869


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-04723
 (Ind. No. 1324/17)

[*1]The People of the State of New York, respondent,
v
Damon Scott, appellant.


Gerald Zuckerman, Croton on Hudson, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, J.), rendered December 4, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of June 16, 2008, the victim was shot and killed near a taxi stand on South Broadway in Yonkers. Eyewitnesses reported that the shooter drove a dark-colored Lincoln Town Car, which sped off immediately after the shooting. The defendant was arrested in Georgia on October 6, 2017, and charged with murder in the second degree.
At trial, the People presented, among other things, the testimony of witnesses who observed the defendant having an altercation with the victim several days before the shooting. The People also produced evidence of gunpowder residue in the dark-colored Lincoln Town Car that the defendant had been driving at the time of the shooting, as well as evidence placing the defendant near the scene of the crime at the time of the shooting. In addition, the People produced witnesses who described the defendant's sudden and unexpected disappearance from New York after the shooting, as well as testimony from various law enforcement and civilian witnesses in Georgia who described the defendant's use of numerous aliases while living there in the years following the crime. Also, the People presented the testimony of the defendant's longtime girlfriend and mother of his children, who stated that the defendant admitted to her that he had shot someone on South Broadway in Yonkers, providing a description of the charged crime and the events leading up to it, including several details corroborated by the testimony of other witnesses.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not [*2]against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, any error in the admission of a brief, nonspecific statement the defendant made to another of his former girlfriends was harmless (see People v Vasquez, 36 NY3d 1066, 1067; People v Rivers, 18 NY3d 222, 227).
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court